Matter of the Application of MARY A. O'CONNOR for a Writ of Mandamus against EDWARD D. EMERSON et al.

(Supreme Court, Erie Special Term, November, 1920.)

**Mandamus — when application for a peremptory writ of, denied — schools — board of education of city of Buffalo — Education Law, § 872.**

Under section 872 of the Education Law the appointment of a public school principal by a city board of education upon the recommendation of the city superintendent of schools, can only be for a probationary period of not less than one year and not to exceed three years, as fixed by the board of education in its discretion.

Misc.]        Supreme Court, November, 1920.

Relator, who had served as a teacher in the public schools of the city of Buffalo, was on October 29, 1918, appointed the principal of one of the schools for two years, and on October 11, 1920, her service as principal was summarily discontinued by the board of education without a complaint, charges or hearing. *Held,* that as under the statute the board of education had the legal right to discontinue the services of relator without a hearing, her application for a peremptory writ of mandamus to compel her reinstatement as such principal, upon the ground that her removal was unlawful, will be denied.

The board of education not having removed relator from her position as teacher, it could not, under the prayer of the petition for "such other and further relief as may be just and proper," be compelled to reinstate her to a position from which she had not been removed, and in that regard the application must also be denied.

APPLICATION for peremptory writ of mandamus.

George H. Kennedy, for motion.

William S. Rann and John E. Livermore, opposed.

BROWN, J. On October 29, 1918, the petitioner was appointed principal of school No. 25 by the board of education of the city of Buffalo, at which time she was a teacher in the public schools of the city, having served as such for more than twenty years. On October 11, 1920, the board of education summarily discontinued the service of petitioner as such principal without complaint, charges or hearing. This application is made for mandamus compelling the board of education to reinstate the petitioner to her former position of principal, upon the ground that such removal without charges and a hearing was beyond the power of the board of education and unlawful.

The board of education derives its authority to employ and discharge principals and teachers from the statutes of the state.

Section 872 of the Education Law provides that school principals shall be appointed by the board of education upon the recommendation of the superintendent of schools for a probationary period of not less than one year and not to exceed three years, such period to be fixed by the board of education in its discretion. The service of a person appointed to such position may be discontinued at any time during such probationary period on the recommendation of the superintendent by a majority vote of the board of education. At the expiration of the probationary period the superintendent shall recommend for permanent appointment such a principal who has been found competent, efficient and satisfactory. Such a principal who has served such probationary period shall hold his position during good behavior and shall not be removable except for cause after a hearing, etc.

The board of education of the city of Buffalo fixed the period of probation to be served by a principal before a permanent appointment could legally be made by the adoption of a resolution on January 21, 1918, providing that the ordinances relative to the schools, in effect prior to January 1, 1918, remain in force until others should be adopted. Those ordinances provided that the probationary period to be served by a principal should be two years.

In transcribing the resolution of January 21, 1918, into the book of minutes of the proceedings of the board of education, the writer by mistake used the figures " 1916 " instead of " 1918," whereby the resolution was mistakenly made to read that the ordinances relative to the schools in effect prior to January 1, 1916, remain in force until others should be adopted. The ordinances in force prior to January 1, 1916, provided that the probationary period to be served by a principal should be one year.

The petitioner was appointed principal of school 25 October 29, 1918, by the board of education upon the recommendation of the superintendent. Under the statute above referred to such appointment could only be for a probationary period. The board of education was powerless to make a permanent appointment; the law fixed its powers. On October 11, 1920, the board of education adopted the recommendation of the superintendent that the probationary contract of the petitioner as principal in the department be discontinued forthwith, and she was directed to discontinue her service as principal of school No. 25 immediately.

Upon the argument of this motion, the attorney for the petitioner first discovered that the minutes of the board of education recording the resolution of January 21, 1918, were erroneous in that they stated the ordinances in effect January 1, 1916, as fixing the probationary period instead of the ordinances in effect January 1, 1918. The petitioner asserts that at the date of her appointment, October 29, 1918, the minutes of the proceedings of the board of education provided that the probationary period which she was to serve prior to her permanent appointment as principal was one year; that such period expired October 31, 1919, on which date she became entitled to be recommended for permanent appoinment as principal, not removable until after a hearing, by force of the statute which reads: "At the expiration of the probationary term of a person appointed for such term, the superintendent of schools, * * * shall make a written report to the board of education recommending for permanent appointment those persons who have been found competent, efficient and satisfactory. Such persons * * * who have served the full probationary period * * * shall not be removable except for cause after a hearing."

It is thus seen that the foundation of the petitioner's contention that she was unlawfully removed from the position of principal depends upon the legal question, what was the probationary period she was required to serve before being entitled to a permanent appointment and the protection of the statute prohibiting removal without a hearing? If such period was one year, she was entitled to the protection of the statute, her removal was unlawful and she is entitled to the writ asked for. *People ex rel. Calahan* v. *Board,* 174 N. Y. 169; *People ex rel. Murphy* v. *Maxwell,* 177 id. 494.

If such period was two years, the respondents had the legal right to discontinue her services without a hearing. She was appointed October 29, 1918; the two-year probationary period expired October 29, 1920. The statute provides that during such period the services of a principal may be discontinued on the recommendation of the superintendent. The superintendent of education recommended a discontinuance of the petitioner's service as principal on October 11, 1920, and her service was discontinued on that date.

The petitioner asserts that the minutes of the board of education of January 21, 1918, reciting the ordinances in force January 11, 1916, as fixing the probationary period at one year, must be accepted as the action of the board of education.

If there was any question as to what the action of the board of education on January 21, 1918, was, it may be that the minutes should control. The original resolution acted on by the board of education at its meeting January 21, 1918, is now on file in the office of the secretary of such board, and it bears memoranda written thereon by the secretary and file number placed thereon by the clerk, made at the time it was

copied into the minutes. The original resolution plainly states that the ordinances in force January 1, 1918, remain in force as the rules, etc., until others are adopted. It is thus seen that the board of education did not adopt a resolution fixing the probationary period at one year; that the resolution they did adopt fixed the probationary period at two years. Attention has been called to no statute providing for official minutes of the proceedings of the board of education. Minutes of its proceedings, kept for the convenience of the board of education, cannot be said to conclusively establish the performance of some act that was not in fact performed.

The conclusion is reached that the board of education at its meeting January 18, 1918, fixed a probationary period of two years to be served by a principal before becoming eligible for appointment as permanent principal; that the petitioner not having served such probationary period and her services having been discontinued during such probationary period, upon the recommendation of the superintendent, her removal from the position of principal was not unlawful. The application for peremptory writ of mandamus compelling the respondents to reinstate the petitioner to her former position as principal will be denied.

The petitioner, in addition to her application for a writ compelling her reinstatement as principal, asks for such other and further relief as may be just and proper. The recommendation of the superintendent on October 11, 1920, was that no permanent contract as principal be given to the petitioner and that the probationary contract of the petitioner as principal in the department be discontinued forthwith. The recommendation was adopted by the board of education. No other action was taken by the board. It is asserted by

the respondents that such action completely severed all relation between the petitioner and the department of education; that the petitioner having applied for and received the temporary appointment of principal, she by that act resigned, abandoned or lost her position as teacher, and at this time is not a teacher and has no lawful claim for reinstatement to her former position of teacher. This claim, however, is not based on any act of the board of education relative to the petitioner's position of teacher; the contention being that the position of teacher is separate and distinct from that of principal, that the petitioner could not retain her status as a teacher and accept the position of principal; could not occupy two positions. It was conceded on the argument that but for her probationary employment as principal the petitioner could not have been removed from her position as teacher without a hearing upon charges being accorded her. The petitioner was bound to know at the time of her application for and employment as principal that such employment could, under the law, only be for a probationary period. Did such act of seeking, securing and accepting a contract for probationary or temporary employment as principal *ipso facto,* permanently and effectively terminate and end all relation to her position as teacher? Having in mind her position as teacher, service of more than twenty years, securing to her the statutory right of tenure unremovable without a trial, her statutory right of benefit from a pension fund, a clear, certain, existing authority for an affirmative answer to the question ought to be pointed out before such a finding is made. The only apparent authority for her removal from her position as teacher seems to be the inferred claim that by applying for and accepting the appointment as principal the petitioner then ceased to be a teacher. The difficulty

with the argument seems to be that she did not receive the appointment of principal.  We have decided that she received the appointment as principal for the probationary period of two years, and during that period of probation her appointment was cancelled or terminated.  She did not hold two positions.  Her position as teacher was not lost, its tenure was simply suspended during the period of probation as principal.  Upon the termination of the probation it is not seen why she should be denied the rights of her position as teacher.  Her rights as teacher not to be removed except after hearing, to participate in the benefits of the pension fund, do not seem by any authority to which attention has been called to have been lost to her.

The respondents, however, can only be compelled by mandamus to legally perform some act that they have illegally performed or unlawfully refused to perform.  They have not removed petitioner from her position as teacher, and of course cannot be compelled to reinstate her to a position from which she has not been removed.

Petitioner's application for writ compelling reinstatement as teacher is denied.

Application denied.